**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MORRIS EUGENE FOSTER,

    Petitioner,

v.                                               Case No. 08-CV-14269

DAVID BERGH.,

    Respondent.
                                     /

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITION FOR HABEAS CORPUS,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On July 19, 2010, Magistrate Judge Paul J. Komives issued a Report and Recommendation in the above-captioned matter, recommending that the court deny the petition for habeas corpus filed by Petitioner Morris Eugene Foster. Petitioner filed a motion for additional time to file objections, which the court granted on August 18, 2010. Petitioner timely filed his objections, and the time for Respondent to file a reply to those objections has passed. For the reasons stated below, the court will overrule Petitioner's objections, adopt the Magistrate Judge's R&R, and deny the petition for writ of habeas corpus.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence

previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140, 148 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Petitioner filed a twenty-nine page document denominated as objections to the R&R. Having reviewed this document, the court concludes that they are not "objections" as properly construed under 28 U.S.C. § 636. Instead, Petitioner has simply filed his general disagreement with every section of the Magistrate Judge's R&R, for the reasons previously articulated in his petition. Petitioner does not clearly articulate *any* factual findings or legal analyses which were in error, but, instead, advances his general disagreement with the Magistrate Judge's recommendation to deny all of his habeas claims. The Sixth Circuit has cautioned against such general and, frankly, unhelpful "objections":

> Overly general objections do not satisfy the objection requirement. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. [The plaintiff's] objections simply identified the discrete claims for which the magistrate judge's recommendations were adverse to [the plaintiff] and then urged that they instead be resolved in his favor. We have held that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general. *Id.*

*Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). The objections are overruled as improper. Additionally, the court has addressed them each in turn, and attempted to discern the basis of Petitioner's argument. Each objection, even as *liberally* construed as proper, is nonetheless without merit and overruled.

3

### A. Evidentiary Claims (Claims I, IV & VI)

First, Plaintiff argues that the Magistrate Judge incorrectly found that his evidentiary claims were not cognizable on habeas review. He does not dispute that the Magistrate Judge correctly noted that habeas review is generally not available to remedy a state court's alleged error in the application of state evidentiary law. (R&R at 9-10; Objs. at 2.) Instead, he argues that in this case "the deprivation of state-created rights rises to the level of fundamental unfairness in the trial process, [such that the] due process claim is violated." (Objs. at 2.) The court disagrees.

For the reasons fully discussed and correctly analyzed by the Magistrate Judge, the admission of Petitioner's prior acts (Claims I & V) was relevant for purposes of showing a common scheme or plan and, additionally, to explain the victim's reluctance in reporting Petitioner's assaults. The court finds that there was no error in the admission of this evidence and, certainly, even if there was error it did not rise to any constitutional magnitude. Likewise, the admission of the recordings of the telephone conversations between Petitioner and the victim (Claim VI) is not a constitutional issue requiring habeas relief. In his objections, Petitioner reasserts that the recordings were so incomprehensible as to require their admission as a whole to be untrustworthy, but, as the Magistrate Judge stated, he offers nothing to show how this is so. (R&R at 13.) Petitioner also argues that the recordings were not properly authenticated. (Objs. 15.) The Magistrate Judge considered this argument, and correctly found that the recordings were authenticated by the victim. (R&R at 12.) Accordingly, after conducting a *de novo* review of the evidentiary issues, the court will overrule Petitioner's objections and adopt the Magistrate Judge's recommendation to deny Claims I, V, VI.

## B. Suppression of Evidence (Claim IV)

The Magistrate Judge found that Petitioner failed to show entitlement to habeas relief as to his claim under *Brady v. Maryland*, 372 U.S. 83 (1963). In his objections, Petitioner sets forth an extensive summary of *Brady* law in the Sixth Circuit, but fails to show how that law entitles him to relief. More specifically, he does not identify how the Magistrate Judge erred in his determination that "because [P]etitioner does not allege that a recording existed in which the entire conversation is audible, [P]etitioner cannot show that the prosecution suppressed any existing evidence within the meaning of *Brady*." (R&R at 15.) The court has reviewed Petitioner's *Brady* claim and concludes that the Magistrate Judge correctly denied Petitioner's claim. The objection is overruled.

## C. Prosecutorial Misconduct (Claim X)

Petitioner next disagrees with the Magistrate Judge's finding that his prosecutorial misconduct claim is without merit. As with his other "objections," Petitioner does little more than disagree with the conclusion of the Magistrate Judge, without pointing to any specific defect in his analysis. Petitioner argues generally that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Objs. at 7 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).) Petitioner cites general law relating to prosecutorial misconduct, but does not show that the application of that law entitles him to relief. He argues that it was improper for the victim to testify about the recordings and to supplement those portions of the audio tapes that were inaudible. (Objs. at 7-8.) The Magistrate Judge, however, correctly determined that there was nothing improper about this testimony, as

5

even without the recordings the victim would have been allowed to testify about her recollection of these conversations. (R&R at 17.) The court further rejects Petitioner's argument that because portions of the tape were inaudible, the victim must have been fabricating her testimony about her recollection of those conversations. (Objs. at 8-9.) As the Magistrate Judge stated, Petitioner has not shown that the victim's testimony was "indisputably false." (R&R at 18-19.) Moreover, the court also is not persuaded that Petitioner has shown any evidence that the prosecutor knew of any false testimony. Further, as stated above, Petitioner did not establish any *Brady* violation, and thus use of the audio tapes did not constitute prosecutorial misconduct.

Finally, the court agrees with the Magistrate Judge that it was not improper for the prosecutor to elicit testimony from the victim regarding her religious practices. The fact that she prayed was relevant as to "how the victim coped with the sexual assaults and why she would return to the home after she had left for college." (R&R at 20.) It was not used to improperly bolster the witnesses testimony, and Petitioner's argument to the contrary is rejected.

### D. Sentencing Claim (Claim II)

Petitioner next argues that he is entitled to habeas relief on his sentencing claim. Again, Petitioner's "objection," consists of little more than a reiteration of the arguments already advanced in his Petitioner, without specifying any error in the Magistrate Judge's resolution of those arguments. The court has conducted a *de novo* review of Petitioner's sentencing claims and finds that the Magistrate Judge analysis was thorough, persuasive, and entirely correct. (*See* R&R 20-25.) Petitioner's challenges to his sentence are not cognizable on habeas review and Petitioner's sentence was not in

contravention of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court adopts the Magistrate Judge's analysis of these issues and overrules Petitioner's objection.

### E. Ineffective Assistance of Counsel (Claim III, VIII, IX & XI)

Petitioner's objections contain a section devoted to his ineffective assistance of counsel claims, but it is unclear to the court to which portion of the R&R Petitioner objects. It appears to the court that he primarily takes issue with the Magistrate Judge's conclusion that counsel was not ineffective for failing to object to the admission of the recorded conversations. (Objs. at 22.) However, as stated above, these recordings were properly admissible and, as the Magistrate Judge correctly observed, not subject to suppression under any of the principles identified by Petitioner. (R&R at 32-35.) Likewise, the Magistrate Judge soundly rejected Petitioner's claim that his counsel was ineffective for failing to object to the admission of other bad acts and to the prosecutor's alleged misconduct in questioning the victim. It is not ineffectiveness to fail to raise meritless objections. *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006). These objections were meritless, and there was no ineffectiveness in not raising them.

For the reasons fully articulated by the Magistrate Judge, Petitioner's ineffective assistance of counsel claims are not sustainable and any objections to the Magistrate Judge's analysis of these claims are overruled.

### F. Denial of Appeal (Claims XIII & XIV)

Petitioner makes no attempt at objecting to the R&R on these claims, and instead simply "relies on the arguments as presented in his Petition for Writ of Habeas Corpus." (Objs. at 25.) The court does not accept this conclusory statement as a proper

7

objection. *See Zimmerman v. Cason*, No. 07-1133, 2009 WL 3878523, at *2 (6th Cir. Nov. 20, 2009) (requiring "specific objections to the magistrate's report" and noting that the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citations omitted)). Nonetheless, the Magistrate Judge's treatment of these claims was correct, and the court adopts it in full.

### G. Newly Discovered Evidence (Claim XII)

Petitioner devotes three pages of his objections to his newly discovered evidence claim, but within those three pages simply cites case law for various propositions, most of which are wholly unrelated to any newly discovered evidence claim. Further, Petitioner does not set forth any reasoned argument as to how the Magistrate Judge may have erred in recommending that the court deny the newly discovered evidence claim. Indeed, having reviewed the claim, the court entirely agrees with the Magistrate Judge that Petitioner's claim is not cognizable and, additionally, he has not identified any newly discovered evidence of his innocence. (R&R at 38-39.) The court will deny Petitioner's ambiguous objection to the recommendation to deny his newly discovered evidence claim.

### H. Evidentiary Hearing (Claims VII, XIII & XIV)

As with his "Denial of Appeal" claim, Petitioner makes no effort to set forth a discrete analysis to the Magistrate Judge's treatment of his Evidentiary Hearing claims, instead relying on the arguments in his habeas petition. The court can identify no factual or legal error in the R&R on these claims, and any objection is overruled.

### I. Certificate of Appealability

Similarly, Petitioner has not objected with any specificity to the recommendation to deny a certificate of appealability as to all claims raised in the petition. Having carefully considered the petition, the answer, the R&R, and Petitioner's objections, the court concludes that no reasonable jurist would disagree with the Magistrate Judge's initial recommendations, or with this court's final conclusion to deny relief on all claims. The court accepts the Magistrate Judge's recommendation on this issue as well.

### III. CONCLUSION

For the reasons stated above, having conducted a *de novo* review of the petition and answer, the court will overrule all objections and adopt the Magistrate Judge's well-reasoned and comprehensive R&R in full and without any amendments. Accordingly,

IT IS ORDERED that Petitioner's objections [Dkt. # 20] are DENIED and the Magistrate Judge's July 19, 2010, Report and Recommendation [Dkt. # 66] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

Finally, IT IS ORDERED that the petition for habeas corpus [Dkt # 1] is DENIED. A separate judgment will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2010, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522